IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY SMITH,

    Plaintiff,                              No. CIV S-10-0762 KJM CKD P

    vs.

ALAN NANGALAMA, et al.,

    Defendants.                      ORDER

                                /

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On February 7, 2012, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court finds most of the findings and recommendations to be supported by the record and by the proper analysis, but declines to adopt the findings and recommendations as to defendant Teachout.

1      This complaint stems from the course of treatment for plaintiff's throat cancer.
2 Plaintiff's surgeon prescribed a soft diet after his surgery, but plaintiff had difficulty obtaining
3 that diet when he returned to prison. Compl. ¶ 61. As a result, Dr. Ma prescribed Nutren 1.5, a
4 liquid nutritional supplement, for plaintiff. *Id.* ¶ 74. Plaintiff alleges that when he picked up the
5 Nutren 1.5 on January 27, 2009, he was given only four days' worth and so asked defendant
6 Teachout to call to confirm the order and thereafter to document the shortage. *Id.*¶ 76. Teachout
7 refused to do either. *Id.* The Nutren 1.5 was the only source of nutrition for plaintiff because he
8 could not swallow. *Id.* ¶ 79. The magistrate judge concludes that plaintiff's allegations
9 regarding Teachout do not state an Eighth Amendment claim because documentary evidence
10 submitted with the complaint shows that defendant Teachout told plaintiff to put "602's into the
11 warehouse because they haven't been sending your meal replacements or anyone else." ECF
12 No. 1-1 at 116. In that document, plaintiff explains that sending a grievance to the warehouse
13 would not address the problem because the warehouse workers only follow orders from medical
14 staff. *Id.* Also in that document, he further alleges that because of the problems with securing
15 his liquid supplement, he "would not be going through this phase again of hungar, vomitting, and
16 sickness because of the lack of nurishment to substain my health (reproduced as in original)."
17 Plaintiff's allegations are sufficient to state an Eighth Amendment claim.

18     As to Dr. Ma, plaintiff objects that Ma was aware of plaintiff's discharge order
19 requiring a soft diet on January 19, 2009, but did not offer to transfer him to another area of the
20 prison where such diets were available until January 23, 2009. (ECF No. 54 at 2-4.) However,
21 a physician's order attached to the complaint indicates that Ma attempted to prescribe plaintiff a
22 soft diet on January 19, 2009. (ECF No. 1-1 at 29.) Plaintiff's objections notwithstanding, he
23 has not stated a diet-related deliberate indifference claim as to Ma for the period of January 19-
24 23, 2009.

25 /////

26 /////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 7, 2012, are adopted in part and denied in part:

2. Defendants' motion to dismiss (Docket No. 30) is granted in part and denied in part, as follows:

    a. Granted as to Nangalama, Hamkar (pre-surgery claim) and Ma (special diet claim); and

    b. Denied as to Hamkar (nutritional supplement claim), Teachout and Ma (pillow claim).

DATED: March 31, 2012.

_____
UNITED STATES DISTRICT JUDGE

/smit0762.805